IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

**March 9, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

E1999-00024-COA-R3-CV

CYNTHIA Y. LONG,                )  C/A NO. 03A01-9906-CV-00206
                                )
        Plaintiff-Appellant,)
                                )
                                )
v.                              )  APPEAL AS OF RIGHT FROM THE
                                )  BLOUNT COUNTY CIRCUIT COURT
                                )
                                )
                                )
CITY OF MARYVILLE,              )
                                )  HONORABLE W. DALE YOUNG,
        Defendant-Appellee. )  JUDGE


# DISSENTING  OPINION


I dissent because I do not find that the evidence preponderates against the trial court's judgment dismissing the plaintiff's complaint.  In fact, there is precious little evidence in the record bearing on the culpability of the City of Maryville ("the City").  In my judgment, the proof shows little more than that the plaintiff slipped and fell on icy pavement in a city park at a place near a functioning water fountain on a day

1

when the temperature was at or below freezing.  What the evidence does not show is negligence of an employee of the City; notice to the City of a condition of the type described in T.C.A. § 29-20-203(a); or the necessary causal connection between actionable conduct on the part of the City and the plaintiff's fall.

The plaintiff testified that she slipped and fell on an icy patch on a paved walkway in a park owned and maintained by the City while walking with a friend on January 5, 1995, between 5:00 and 5:30 p.m.  The plaintiff testified that it was "dusky dark."  It is a reasonable inference from the evidence that the ice resulted from a mist emanating from a nearby water fountain.  The temperature at the time of the fall was at or near freezing.  The plaintiff testified that an overhead light in the vicinity of her fall was not functioning when she fell.  Her testimony further shows that tape was affixed to the light pole.  There was testimony that in the process of fixing lights, the City would mark with tape the lights to be replaced or fixed.  The husband of the plaintiff's walking companion testified that he reported lights being out in the park in the November - December, 1994, time frame but he was not sure of the exact date of his report.  An employee of the City testified that such a report had been

2

received in November, 1994, and that the lights were fixed by December 2, 1994 -- more than a month before the plaintiff fell on January 5, 1995. There is no proof in the record that the City received a report of lights being out between December 2, 1994, and January 5, 1995.[1] In my judgment, the proof in the record falls woefully short (1) of proving notice of a "defective, unsafe, or dangerous condition of any...sidewalk" under T.C.A. § 29-20-203(b); or (2) of making out a "negligent act or omission of any employee" of the City under T.C.A. § 29-20-205; or (3) of showing a causal link between the light bulb being out and the plaintiff's fall. In any event, the evidence offered by the plaintiff is not such as to persuade me to find that the evidence preponderates against the trial court's judgment. I would affirm the judgment of the trial court.

_____
Charles D. Susano, Jr., J.

---

[1]This is also no proof that the lack of lighting impaired the plaintiff's ability to see the icy pavement.

3